ALTENBERND, Judge.
Susan Thornton appeals the trial court’s order denying her motion for postconviction relief. She argues that her original sentence was a true split sentence and that she could not be sentenced on a violation of community control to more than the suspended term. She is mistaken. The sentence, in the words of Ms. Thornton’s counsel, is “convoluted,” but it is not a true split sentence.
In 2006, Ms. Thornton pleaded guilty to escape from confinement. She negotiated a sentence of two years’ community control, followed by three years’ probation. As part of her sentence, she was to participate in PAR, a residential drug treatment program. Because that program did not have a bed immediately available and Ms. Thornton was subject to a subpoena to testify in a murder trial, the trial court imposed a term of 865 days in jail that would be suspended when a bed was available and her subpoena had expired. The trial court intended this short term in jail, as announced, to be a condition of either her community control or probation.
*199 When Ms. Thornton was transferred to PAR, she quickly absconded. Thereafter, upon the entry of the order vacating her community control, the trial court had the authority to impose any lawful sentence. The ten-year term of imprisonment that the trial court imposed is a lawful term for this second-degree felony. See § 944.40, Fla. Stat. (2006). The 365 days in jail was not imposed as the initial term of imprisonment in a true split sentence, and the trial court was not limited by that sentence when imposing the sentence on violation of community control.
Affirmed.
VILLANTI and KHOUZAM, JJ, Concur.